

 USPS CERTIFIED MAIL

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**9214 8901 7301 4102 2100 0602 50**

**02-CV-2021-900979.00**

To: WINN-DIXIE MONTGOMERY, LLC
C/O CORPORATION SERV CO.
641 S. LAWRENCE STREET
MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**LEO FOX V. WINN-DIXIE MONTGOMERY, LLC ET AL**
**02-CV-2021-900979.00**

The following complaint was FILED on 6/4/2021 2:26:55 PM

Notice Date:     6/4/2021 2:26:55 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2021-900979.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**LEO FOX V. WINN-DIXIE MONTGOMERY, LLC ET AL**

**NOTICE TO:** WINN-DIXIE MONTGOMERY, LLC, C/O CORPORATION SERV CO. 641 S. LAWRENCE STREET, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
BRYAN E COMER
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1203 DAUPHIN STREET, Mobile, AL 36604
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LEO FOX pursuant to the Alabama Rules of the Civil Procedure.

| 06/04/2021 | /s/ JOJO SCHWARZAUER | By: | *[Name(s)]* |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ BRYAN E COMER
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
*(Date)*

_____          _____          _____
*(Type of Process Server)*     *(Server's Signature)*          *(Address of Server)*

                              _____          _____
                              *(Server's Printed Name)*        *(Phone Number of Server)*

**02-CV-2021-900979.00**
LEO FOX V. WINN-DIXIE MONTGOMERY, LLC ET AL

| C001 - LEO FOX | v. | D001 - WINN-DIXIE MONTGOMERY, LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

ELECTRONICALLY FILED
6/4/2021 2:26 PM
02-CV-2021-900979.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case:<br>02 |
|---|---|---|

Date of Filing:
06/04/2021

Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### LEO FOX v. WINN-DIXIE MONTGOMERY, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| COM015 | 6/4/2021 2:26:49 PM | /s/ BRYAN E COMER |
|---|---|---|
|  | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
04/2021 2:26 PM
02-CV-2021-900979.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **LEO FOX,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | CV-2021-_____ |
| **WINN-DIXIE MONTGOMERY, LLC; WINN-DIXIE STORES, INC.; SOUTHEASTERN GROCERS, INC.; CX HILLCREST, LLC; DAVID GILLERY; WILLIAM BRENT SELLERS;** 1-10, the persons, firms, corporations, partnerships or other entities who were charged with or who undertook maintaining safe premises for Plaintiff Leo Fox; 11-20, those persons, firms, corporations, partnerships or other entities who owned, operated, managed and/or controlled the premises where Plaintiff Leo Fox was injured; 21-30, those persons, firms, corporations, partnerships, or other entities, who were responsible for and/or were in charge of ensuring that the premises where Plaintiff was injured were reasonably safe for invitees; 31-40, those persons, firms, corporations, partnerships, or other entities who were the principal, master and/or employer of all named and/or fictitious Defendants on the occasion made the basis of this lawsuit; and 41-50, those persons, firms, corporations or other entities whose negligence, wantonness or other wrongful conduct caused or contributed to Plaintiff's injuries and damages, all of whose names and true legal identities are otherwise unknown to Plaintiff at this time but who will be substituted by amendment when ascertained, individually and jointly, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |
| | § | |

---

## COMPLAINT

---

1

Plaintiff Leo Fox files this Complaint against Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery; William Brent Sellers; and 1-50, separately and severally, as follows:

## PARTIES

1.      Plaintiff Leo Fox is an adult resident citizen of Mobile County, Alabama.

2.      Defendant Winn-Dixie Montgomery, LLC, is a foreign corporation organized and existing under the laws of the State of Florida, which is authorized to conduct business in the state of Alabama.  At all material times relevant to this action, Defendant Winn-Dixie Montgomery, LLC, owned, leased, maintained, managed, controlled, and/or had the ability to control, the premises where the incident made the basis of this case occurred.  At all material times relevant to this action, Defendant Winn-Dixie Montgomery, LLC, employed, trained, supervised, and/or managed Defendants David Gillery, William Brent Sellers and/or 1-50.

3.      Defendant Winn-Dixie Stores, Inc., is a foreign corporation organized and existing under the laws of the State of Florida, which is authorized to conduct business in the state of Alabama.  At all material times relevant to this action, Defendant Winn-Dixie Stores, Inc., owned, leased, maintained, managed, controlled, and/or had the ability to control, the premises where the incident made the basis of this case occurred.  At all material times relevant to this action, Defendant Winn-Dixie Stores, Inc., employed, trained, supervised, and/or managed Defendants David Gillery, William Brent Sellers and/or 1-50.

4.      Defendant Southeastern Grocers, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal place of business is located in Jacksonville, Florida.  At all material times relevant to this action, Defendant Southeastern Grocers, Inc., owned, leased, maintained, managed, controlled, and/or had the ability to control,

the premises where the incident made the basis of this case occurred.  At all material times relevant to this action, Defendant Southeastern Grocers, Inc., employed, trained, supervised, and/or managed Defendants David Gillery, William Brent Sellers and/or 1-50.

5.      Defendant CX Hillcrest, LLC, is a foreign corporation organized and existing under the laws of the State of Georgia, which is authorized to conduct business in the state of Alabama. At all material times relevant to this action, Defendant CX Hillcrest, LLC, owned, leased, maintained, managed, controlled, and/or had the ability to control, the premises where the incident made the basis of this case occurred.  At all material times relevant to this action, Defendant CX Hillcrest, LLC, employed, trained, supervised, controlled, and/or managed Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery, William Brent Sellers and/or 1-50.

6.      Defendant David Gillery is an individual over the age of 19 years.   Upon information and belief, at all material times relevant to this action, David Gillery was a resident of Alabama.  At all material times relevant to this action, David Gillery was the agent, servant and/or employee of one of the named or fictitious Defendants, and was acting within the line and scope of his agency, servancy, and/or employment.

7.      Defendant William Brent Sellers is an individual over the age of 19 years.   Upon information and belief, at all material times relevant to this action, David Gillery was a resident of Mobile County, Alabama.  At all material times relevant to this action, William Brent Sellers was the agent, servant and/or employee of one of the named or fictitious Defendants, and was acting within the line and scope of his agency, servancy, and/or employment.

8.      Fictitious parties 1-10 are those persons, firms, corporations, partnerships or other entities who were charged with or who undertook maintaining safe premises for Plaintiff Leo Fox.

3

9.     Fictitious parties 11-20 are those persons, firms, corporations, partnerships or other entities who owned, operated, managed and/or controlled the premises where Plaintiff Leo Fox was injured.

10.     Fictitious parties 21-30 are those persons, firms, corporations, partnerships, or other entities, who were responsible for and/or were in charge of ensuring that the premises where Plaintiff was injured were reasonably safe for invitees.

11.     Fictitious parties 31-40 are those persons, firms, corporations, partnerships, or other entities who were the principal, master and/or employer of all named and/or fictitious Defendants on the occasion made the basis of this lawsuit.

12.     Fictitious parties 41-50 are those persons, firms, corporations or other entities whose negligence, wantonness or other wrongful conduct caused or contributed to Plaintiff's injuries and damages,

13.     At all material times hereto, Defendants David Gillery, William Brent Sellers, and 1-50 were working within the line and scope of their employment as agents, servants and/or employees of one or more other Defendants.

## FACTUAL ALLEGATIONS

14.     On or about July 15, 2019, Plaintiff Leo Fox was an invitee at the Winn-Dixie store located at 6300 Grelot Road, Mobile, Alabama.  The purpose of his visit was to purchase various items from the Winn-Dixie store.  When Plaintiff Leo Fox exited his vehicle and began walking into the Winn-Dixie store located on the premises, Plaintiff was caused to slip and fall as a result of hidden and/or latent defects, to wit.

15.     At the time of the incident made the basis of this case, Defendants owned, leased, maintained, managed, controlled, and/or had the ability to control, the premises where the incident

4

made the basis of this case occurred. At all material times relevant to this action, Defendant David Gillery, William Brent Sellers, and/or 1-50, were responsible for managing, maintaining, and/or ensuring that the premises where Plaintiff was injured, specifically including the parking lot, were reasonably safe for invitees. At all material times relevant to this action, one or more of the Defendants employed, trained, supervised, and/or managed one or more other Defendants.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

Plaintiff Leo Fox alleges against Defendants, Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery; William Brent Sellers; and 1-50, separately and severally, as follows:

16.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above.

17.     At the time and place set forth above, Defendants had a duty to use reasonable care and diligence to maintain the premises described above in a reasonably safe condition and had a duty to warn Plaintiff and others of dangers that were known to Defendants, or which should have been known to them.

18.     Plaintiff further alleges that all of his injuries and damages set forth herein were proximately caused by the following negligence of the Defendants:

a)      Negligently failing to provide Plaintiff with a safe place to shop;

b)      Negligently failing to take adequate steps necessary to avoid injury to Plaintiff;

c)      Negligently failing to adequately and properly maintain the subject premises in a reasonably safe condition;

5

d)      Negligently failing to properly inspect and/or monitor the subject premises for hazards, potential hazards, and other dangers;

e)      Negligently failing to discover the unreasonably dangerous and slippery substance in the parking lot;

f)      Negligently failing to make safe the area of the premises where Plaintiff fell and was injured;

g)      Negligently failing to provide sufficient and adequately trained personnel to properly monitor and properly maintain the premises;

h)      Negligently failing to remedy dangerous conditions which Defendants knew or should have known existed.

i)      Negligently failing to develop and/or implement a proper plan, policy, procedure, protocol and/or method to ensure customers/invitees would not be injured;

j)      Negligently failing to use due care under the circumstances;

k)      Negligently failing to adequately and properly warn of the presence of hazardous and/or dangerous conditions on the subject property; and

l)      Negligently causing and/or allowing Plaintiff to be injured.

19.     As a proximate result of the Defendants' negligence, Plaintiff Leo Fox suffered injuries and damages as follows:  he suffered bodily injuries; he sustained a fracture of his right wrist; he has been caused to undergo medical treatment for his injuries; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses; he has suffered, still so suffers and will continue to suffer physical pain, suffering, mental anguish and emotional distress; and his

injuries have caused him to be deprived of much enjoyment in life and will so deprive him in the future.

WHEREFORE, Plaintiff demands judgment from Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery; William Brent Sellers; and 1-50, jointly and severally, for compensatory damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### SECOND CAUSE OF ACTION
### (WANTONNESS)

Plaintiff Leo Fox alleges against Defendants, Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery; William Brent Sellers; and 1-50, separately and severally, as follows:

20.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above.

21.     At the time and place set forth above, Defendants had a duty to use reasonable care and diligence to maintain the premises described above in a reasonably safe condition and had a duty to warn Plaintiff and others of dangers that were known to Defendants, or which should have been known to them.

22.     Plaintiff further alleges that all of his injuries and damages set forth herein were proximately caused by the following wantonness of the Defendants:

      a)     Wantonly failing to provide Plaintiff with a safe place to shop;

      b)     Wantonly failing to take adequate steps necessary to avoid injury to Plaintiff;

7

c)      Wantonly failing to adequately and properly maintain the subject premises in a reasonably safe condition;

d)      Wantonly failing to properly inspect and/or monitor the subject premises for hazards, potential hazards, and other dangers;

e)      Wantonly failing to discover the unreasonably dangerous and slippery substance in the parking lot;

f)      Wantonly failing to make safe the area of the premises where Plaintiff fell and was injured;

g)      Wantonly failing to provide sufficient and adequately trained personnel to properly monitor and properly maintain the premises;

h)      Wantonly failing to remedy dangerous conditions which Defendants knew or should have known existed.

i)      Wantonly failing to develop and/or implement a proper plan, policy, procedure, protocol and/or method to ensure customers/invitees would not be injured;

j)      Wantonly failing to use due care under the circumstances;

k)      Wantonly failing to adequately and properly warn of the presence of hazardous and/or dangerous conditions on the subject property; and

l)      Wantonly causing and/or allowing Plaintiff to be injured.

23.      As a proximate result of the Defendants' wantonness, Plaintiff Leo Fox suffered injuries and damages as follows:  he suffered bodily injuries; he sustained a fracture of his right wrist; he has been caused to undergo medical treatment for his injuries; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses; he has suffered, still so suffers and

will continue to suffer physical pain, suffering, mental anguish and emotional distress; and his injuries have caused him to be deprived of much enjoyment in life and will so deprive him in the future.

WHEREFORE, Plaintiff demands judgment from Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; David Gillery; William Brent Sellers; and 1-50, jointly and severally, for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

### THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING AND SUPERVISION)

Plaintiff Leo Fox alleges against Defendants, Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; and 1-50, separately and severally, as follows:

24.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23 above.

25.    Defendants had a duty to Plaintiff to exercise reasonable and due care to select and hire agents, servants, and/or employees, who are fit to carry out its business.

26.    Defendants had a duty to Plaintiff to exercise reasonable and due care to adequately train its agents, servants, and/or employees, to carry out its business and to follow Defendants' rules, regulations, polices and/or procedures.

27.    Defendants had a duty to Plaintiff to exercise reasonable care to adequately supervise its agents, servants, and/or employees.

28.    Defendants negligently breached said duties to Plaintiff by employing and/or retaining agents, servants, and/or employees, who were not fit to carry out Defendants' business

and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agents, servants, and/or employees.

29.    Defendants negligently failed to adequately train its agents, servants, and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agent, servant, and/or employee.

30.    Defendants negligently failed to adequately supervise its agents, servants, and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and negligently failed to monitor and limit the activities of their agents, servants, and/or employees.

31.    As a proximate result of the Defendants' negligence, Plaintiff Leo Fox suffered injuries and damages as follows:  he suffered bodily injuries; he sustained a fracture of his right wrist; he has been caused to undergo medical treatment for his injuries; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses; he has suffered, still so suffers and will continue to suffer physical pain, suffering, mental anguish and emotional distress; and his injuries have caused him to be deprived of much enjoyment in life and will so deprive him in the future.

WHEREFORE, Plaintiff demands judgment from Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; and 1-50, jointly and severally, for compensatory damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

## FOURTH CAUSE OF ACTION
## (WANTON HIRING, TRAINING AND SUPERVISION)

Plaintiff Leo Fox alleges against Defendants, Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; and 1-50, separately and severally, as follows:

32.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23 above.

33.     Defendants had a duty to Plaintiff to exercise reasonable and due care to select and hire agents, servants, and/or employees, who are fit to carry out its business.

34.     Defendants had a duty to Plaintiff to exercise reasonable and due care to adequately train its agents, servants, and/or employees, to carry out its business and to follow Defendants' rules, regulations, polices and/or procedures.

35.     Defendants had a duty to Plaintiff to exercise reasonable care to adequately supervise its agents, servants, and/or employees.

36.     Defendants wantonly breached said duties to Plaintiff by employing and/or retaining agents, servants, and/or employees, who were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agents, servants, and/or employees.

37.     Defendants wantonly failed to adequately train its agents, servants, and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all applicable rules, regulations, policies and/or procedures, and who were not skillful in their activities as Defendants' agent, servant, and/or employee.

38.     Defendants wantonly failed to adequately supervise its agents, servants, and/or employees, in that said person(s) were not fit to carry out Defendants' business and follow all

applicable rules, regulations, policies and/or procedures, and wantonly failed to monitor and limit the activities of their agents, servants, and/or employees.

39.     As a proximate result of the Defendants' wantonness, Plaintiff Leo Fox suffered injuries and damages as follows: he suffered bodily injuries; he sustained a fracture of his right wrist; he has been caused to undergo medical treatment for his injuries; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses; he has suffered, still so suffers and will continue to suffer physical pain, suffering, mental anguish and emotional distress; and his injuries have caused him to be deprived of much enjoyment in life and will so deprive him in the future.

WHEREFORE, Plaintiff demands judgment from Defendants Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; Southeastern Grocers, Inc.; CX Hillcrest, LLC; and 1-50, jointly and severally, for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus interest and costs.


**TOBIAS, McCORMICK & COMER, LLC**
Attorneys for Plaintiff

BY:  _/s Bryan E. Comer_____
        BRYAN E. COMER (COM015)
        1203 Dauphin Street
        Mobile, Alabama 36604
        Telephone: (251) 432-5001
        Facsimile: (251) 432-0714
        bryan@tmclawyers.com


**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

        _/s Bryan E. Comer_____

12

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

**WINN-DIXIE MONTGOMERY, LLC**    *VIA CERTIFIED MAIL*
c/o Corporation Service Company, Inc.  *RETURN RECEIPT REQUESTED*
641 South Lawrence Street
Montgomery, AL  36104

**WINN-DIXIE STORES, INC.**     *VIA CERTIFIED MAIL*
c/o Corporation Service Company, Inc.  *RETURN RECEIPT REQUESTED*
641 South Lawrence Street
Montgomery, AL  36104

**SOUTHEASTERN GROCERS, INC.**   *VIA CERTIFIED MAIL*
c/o Corporation Service Company   *RETURN RECEIPT REQUESTED*
1201 Hays Street
Tallahassee, FL  32301

**CX HILLCREST, LLC**       *VIA CERTIFIED MAIL*
c/o Alan G. Rester, Reg. Agent    *RETURN RECEIPT REQUESTED*
41 West I-65 Service Road N.
3rd Floor
Mobile, Alabama  36608-1201

**DAVID GILLERY**        *(TO BE DETERMINED)*
**(TO BE DETERMINED)**

**WILLIAM BRENT SELLERS**    *VIA CERTIFIED MAIL*
2728 Ellen Drive       *RETURN RECEIPT REQUESTED*
Semmes, Alabama  36575

Revised 1-1-014; 4-1-99; 11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| _____ | * |
| _____ | * |
| Plaintiff(s) | * |
| Vs. | *   CIVIL ACTION NO. _____ |
| _____ | *   DATE COMPLAINT FILED: _____ |
| _____ | * |

Defendant(s)

### ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which hall be filed not later than 270 days after the filing of the complaint. If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will contain the following information:

(1)   The date the complaint was filed;

(2)   That the issues in this cause have been defined and joined;

(3)   That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

(4)   That a jury demand has or has not been demanded;

(5)   The expected length of the trial expressed in hours and/or days;

(6)   A brief description of the plaintiff's claim;

(7)   The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)   That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)   That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1.   EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or grounds relied on.

## 5.   EXPERTS

a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6.   JURY INSTRUCTIONS

a.   If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7.   JURY SELECTION

a.   Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8.   DUTY TO SUPPLEMENT DISCOVERY

a.   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

9.   **MOTIONS GENERALLY**

a.      If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

11.   **CONFLICTS**

a.      In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.

Done this _____ day of _____

_____
Presiding Judge, Michael A. Youngpeter

FIRST-CLASS MAIL

neopost
06/08/2021
US POSTAGE $006.95⁰

ZIP 36644
041L12205226